UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEVIN P. COOPER-KEEL, JD,

       Plaintiff,                              Hon. Janet T. Neff

v.                                            Case No. 1:21-cv-203

ALLEGAN COUNTY, et al.,

       Defendants.

_____/

**ORDER**

The Court has before it Plaintiff's Request (Motion) for Default Judgment (ECF No. 9), in which Plaintiff requests that the Clerk enter a default judgment against Defendants for a sum certain in the amount of $1,000,000 pursuant to Federal Rule of Civil Procedure 55(a). In support of his motion, Plaintiff states that he served Defendants on March 2, 2021, and that they failed to answer within 21 days of service, as required by Federal Rule of Civil Procedure 12(a)(1)(A)(i). Defendants have filed a response (ECF No. 15), in which they request that the Court set aside any entry of default pursuant to Rule 55(a). For the reasons that follow, Plaintiff's motion is **DENIED**.[1]

Federal Rule of Civil Procedure 55 requires a party to follow a two-step process to obtain a default judgment. First, pursuant to Rule 55(a), the party seeking a default judgment must obtain entry of a default by the clerk of the court. Second, pursuant to Rule 55(b), the moving party may seek entry of a judgment on the default under either subdivision (b)(1) or (b)(2). Here, Plaintiff

---

[1] Because Plaintiff's motion is construed as a motion for entry of default, his motion is non-dispositive. *See Oppenheimer v. City of Madeira*, 336 F.R.D. 559, 562 (S.D. Ohio 2020). Accordingly, I may properly address the motion by an order pursuant to 28 U.S.C. § 636(b)(1)(A).

has not moved for the entry of a default, and the Clerk has not entered a default, so a default

judgment would be premature.[2] Therefore, Plaintiff's motion fails on that basis alone.

Even if the Clerk had entered a default, Defendants have demonstrated ample grounds to

set aside a default. Federal Rule of Civil Procedure 55(c) allows a district court to set aside an

entry of default for good cause shown. The decision to do so is left to the Court's discretion. *See*

*O.J. Distrib. Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 352 (6th Cir. 2004). The Court "enjoys

considerable latitude under the 'good cause shown' standard of Rule 55(c) to grant a defendant

relief from a default entry." *Id*. at 353. In deciding a motion to set aside a clerk's entry of default,

the Court is to consider three factors, whether: "(1) plaintiff will be prejudiced; (2) defendant has

a meritorious defense; and (3) defendant's culpable conduct led to the default." *Marbly v. Dep't of

Treasury*, 22 F. App'x 371, 372 (6th Cir. 2001) (citing, among others, *Berthelsen v. Kane*, 907

F.2d 617, 620 (6th Cir. 1990)). "Where the party in default satisfies the first two requirements for

relief and moves promptly to set aside the default before a judgment is entered, the district court

should grant the motion if the party offers a credible explanation for the delay that does not exhibit

---

[2] Regardless, Plaintiff's request for entry of a default judgment by the Clerk is improper because this case does not involve a "sum certain." As explained in *KPS & Associates, Inc. Designs by FMC, Inc.*, 318 F.3d 1 (1st Cir. 2003), "a claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled." *Id.* at 19. The court cited cases listing "actions on money judgments and negotiable instruments" as examples of "sum certain" claims. *Id.* at 19–20 (citing *Reynolds Sec., Inc. v. Underwriters Bank & Trust, Co.*, 44 N.Y.2d 568 (1978), and *Interstate Food Processing Corp. v. Pellerito Foods, Inc.*, 622 A.2d 1189, 1193 (Me. 1993)). A "sum certain" also includes claims that are "liquidated," or "fixed" as to the amount. *Id.* at 20. The clerk is authorized to enter a default judgment in such cases because, under Rule 55(b)(1), "the calculation of the amount of the judgment is purely arithmetical or mathematical," and entry of a default judgment is a "purely ministerial act not involving the exercise of any judicial discretion." *Dailey v. R & J Commercial Contracting*, No. C2-01-403, 2002 WL 484988, at *3 (S.D. Ohio Mar. 28, 2002) (internal quotation marks omitted). Here, Plaintiff's claims are not based on a money judgment, a promissory note, a liquidated damages clause in a contract, or the like. Rather, Plaintiff is seeking compensatory damages, which cannot be calculated as a "sum certain."

disregard for the judicial proceedings." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 195 (6th Cir. 1986).

All three factors would weigh in favor of setting aside a default. First, there is no indication that Plaintiff would be prejudiced by setting aside the default, as the case has just begun, and Defendants responded within about a week of when the answer would have been due. Second, as Defendants have demonstrated in their pending motion to dismiss, they have several meritorious defenses to Plaintiff's claims. Finally, Defendants' culpable conduct did not lead to a default. Defendants had legitimate questions about whether service was proper, and in any event, they filed their motion to dismiss only about a week after the answer would have been due, assuming service was valid.

Accordingly, Plaintiff is not entitled to entry of default against Defendants.

**IT IS SO ORDERED**.

Dated: May 17, 2021                                      /s/ Sally J. Berens
                                                        SALLY J. BERENS
                                                        U.S. Magistrate Judge